**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL CHARLES WALSH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-58-AGF |
| | ) | |
| PAUL OESTERREICHER, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Michael Charles Walsh's application to proceed in district court without prepaying fees or costs. ECF No. 8. Petitioner has since paid the full filing fee, so the application will be denied as moot. For the reasons discussed below, the pending petition for writ of habeas corpus will be dismissed.

Pursuant to 28 U.S.C. § 2254, "a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus is generally a post-conviction remedy. *See Peyton v. Rowe*, 391 U.S. 54, 59 (1968). *See also Jones v. Perkins*, 245 U.S. 390, 391 (1918) (stating that it "is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of trial"). Pursuant to 28 U.S.C. § 2241(c)(3), however, a petitioner may file a petition for writ of habeas corpus if he or she "is in custody in violation of the Constitution or laws or treaties of the United States," regardless of whether he or she is in custody pursuant to the judgment of a state

court.[1] Thus, a state court defendant attempting to litigate the authority of his or her pretrial detention may bring a habeas petition pursuant to § 2241. *See Palmer v. Clarke*, 961 F.2d 771, 774 (8th Cir. 1992) (noting that it was well-established that federal district courts could entertain a § 2241 petition in which petitioner asserted an impending Double Jeopardy Clause violation). *See also Walck v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir. 2007) (stating "that a state court defendant attacking his pretrial detention should bring a habeas petition pursuant to the general grant of habeas authority contained within 28 U.S.C. § 2241").

Petitioner admits he is not "physically confined." ECF No. 3 at 1. In his petition, he does not contend that he is a pretrial detainee, serving a sentence, or being held on an immigration charge. ECF No. 1. at 1. Instead, Petitioner complains that a bench warrant issued in March 2023 "subjects him to immediate arrest." ECF No. 3 at 1. Petitioner also argues that a bond of $25,000, along with the warrant, "impose present, concrete restraint sufficient to constitute custody under § 2241." *Id*. at 2.

Petitioner is incorrect. "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist., Santa Clara Cnty., California*, 411 U.S. 345, 351 (1973). Petitioner states his situation is like the one presented in *Hensley*. However, the Supreme Court in *Hensley* identified several restraints not present in this case. For example, the Court in *Hensley* found the State of California was actively and aggressively pursuing incarceration for the petitioner at issue, and only by the grace of a stay that had been issued by

[1] *Compare* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States") (emphasis added), *with* 28 U.S.C. § 2241(c)(3) (stating that the "writ of habeas corpus shall not extend to a prisoner unless…[h]e is in custody in violation of the Constitution or laws or treaties of the United States").

the state trial court did that petitioner remain at large. *Id*. The Court in *Hensley* noted that the petitioner's incarceration was not "a speculative possibility that depends on a number of contingencies…" *Id*.

Here, Petitioner does not provide any evidence that he is being pursued by the State. Instead, his argument shows that the State is not aggressively pursuing his incarceration, as his warrant has been pending with no further actions since March 2023. The fact that his warrant has lain dormant for three years also shows that his incarceration is a speculative possibility, rather than an eventuality. Petitioner presents no evidence that he suffers any severe restraints on his personal liberty. Thus, he has failed to prove he is in custody.[2]

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. Because Petitioner has not established that he is in custody, the petition shall be dismissed without prejudice. 28 U.S.C. § 2254(b); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's application to proceed in district court without prepaying fees or costs [ECF No. 8] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Petitioner's motions to supplement his petition [ECF Nos. 5 and 10] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

[2] Petitioner has filed two supplements to his petition, but neither of these cures the issue of custody. ECF Nos. 5 and 10.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of August, 2026.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE